6-638802
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAERSK INC., as agents for
A.P. MOLLER-MAERSK A/S,                                  CIVIL COMPLAINT
                                                         IN ADMIRALTY

                   Plaintiff,

     - against -

ARKMAN LOGISTICS INC. and
KEVIN CHO

                  Defendants.
------------------------------------------------------------X

       Plaintiff MAERSK INC., as agents for A.P. MOLLER-MAERSK A/S, by its attorneys, LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, as and for its Complaint against defendants ARKMAN LOGISTICS INC. and KEVIN CHO, in personam, in a cause of action civil and maritime, alleges upon information and belief:

       1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

       2. At all times hereinafter mentioned, plaintiff MAERSK INC., as agents for A.P. MOLLER-MAERSK A/S was and still is a corporation duly organized and existing under the laws of the State of New York with offices and a place of business at 9300 Arrowpoint Blvd., Charlotte, NC 28273.

       3. Upon information and belief and at all times hereinafter mentioned, defendant ARKMAN LOGISTICS INC. was and still is an corporation organized and existing under the Laws of the State of Illinois, with offices and a place of business at 2200 Estes Avenue, Elk Grove Village, Illinois 60007.

       4. Upon information and belief and at all times hereinafter mentioned, defendant KEVIN CHO was and still is a natural person and resident of the State of Illinois residing at 3855 Huntington Blvd., Hoffman Estates, Illinois,

and is the principal of co-defendant ARKMAN LOGISTICS INC.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ARKMAN LOGISTICS INC.

5. Plaintiff repeats, reitierates, and realleges each and every allegation contained in Paras. 1-3, supra, with the same force and effect as if fully set for herein at length.

6. On or about the dates and at the points of shipment set forth in Schedule A, defendand delivered certain goods to plaintiff, for the purpose of having the goods carried on plaintiff's Vessels to the points of destination, there to be delivered to the consignees and/or their agents, in consideration of payment by defendant to plaintiff of ocean freight and other related charges, calculated pursuant to plaintiff's tariff or Service Contract with defendant, all as set forth in Schedule A, hereto, Exhibts A-Q, inclusive.

7. Thereafter, the goods were carried to the points of destination, and delivered to the consignees and/or their agents.

8. Plaintiff has performed all acts required to be performed by plaintiff.

9. Defendant has failed and refused, and continues to fail and to refuse, to remit the $25,399.22 due, although duly demanded.

10. By reason of the foregoing, Plaintiff has been damaged in the amount of $25,399.22, no part of which has been remitted.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST KEVIN CHO

11. Plaintiff repeats, reitierates, and realleges each and every allegation contained in Paras. 1-4, and 6-10, supra, with the same force and effect as if fully set forth herein at length.

12. As the principal of co-defendant, defendant KEVIN CHO is jointly and severally liable for the debt incurred pursuant to Bill of Lading Terms

and Conditions.

13. Plaintiff has performed all acts required to be performed by plaintiff.

14. Defendant KEVIN CHO has failed and refused, and continues to fail and to refuse, to remit the $25,399.22 due.

15. By reason of the foregoing, plaintiff has been damaged in the amount of $25,399.22.

WHEREFORE, plaintiff prays:

1. For judgment in the amount of plaintiff's damages, together with interest thereon, costs, disbursements and a reasonable attorney's fee.

2. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing it to appear and answer all the singular matters aforesaid.

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: Philadelphia, Pennsylvania
       August 11, 2015

                LAW OFFICES OF
                ALBERT J. AVALLONE & ASSOCIATES

                By_____
                Albert J. Avallone - AA1679
                Attorneys for Plaintiff
                MAERSK INC., as agents for
                A.P. MOLLER-MAERSK A/S
                7 N. Columbus Blvd. #249
                Philadelphia, PA. 19106
                (212)696-1760

SCHEDULE A

1. Bill of Lading No. 556852209, dated May 1, 2012, from Chicago to Ulaanbaatar via Los Angeles and Xingang, on the Vessel MSC INES , one (1) forty foot container SAID TO CONTAIN: I USED CAR and PERSONAL GOODS (Exhibit A),  with Invoice No. 5245815634 dated June 27, 2012 for Inland Haulage totaling $5,630.31 (Exhibit B).

Amount Paid: $0                              Amount Due: $5,630.31

2. Bill of Lading No. 557197464 dated June 4, 2012, from Chicago to Ulaanbaator via Los Angeles and Xingang, on the Vessel CMA CGM HUGO, two (2) forty-foot containers STC: USED CARS and PERSONAL GOODS (Exhibit C), and Invoice No. 5246070262 dated August 29, 2012 for Inland Haulage totaling $11,211.92 (Exhibit D).).

Amount Paid: $0.00                           Amount Due: $11,211.92

3. Bill of Lading No. 557961641, dated September 8, 2012, from Chicago to Ulaanbaator via Los Angeles and Xingang, on the Vessel MSC IVANA, one (1) forty-foot container STC: 2 USED CARS and PERSONAL EFFECTS (Exhibit E), with Invoice No. 5246234977 dated October 9, 2012 for  Documentation Fee and Terminal Handling Service totaling $253.01 (Ex. F).

Amount Paid: $0.00                           Amount Due: $253.01

4. Bill of Lading No. 558738906, dated Jamuary 6, 2013, from Oakland to Busan on the Vessel MSC ANGELA, one (1) twenty-foot container STC: ALMONDS (Ex. G), with Invoice No. 5246547976 dated January 6, 2013 for

Container Shifting Fee and Manual Documentation Fee totaling $225.00 (Ex. H), and Invoice No. 5246678800 dated February 11, 2013 for Demurrage totaling $600.00 (Ex. I).

Amount Paid: $25.00                    Amount Due: $800.00

5. Bill of Lading No. 558933777, dated December 12, 2012, from Seattle to Busan, on the Vessel CMA CGM DALILA, one (1) twenty-foot container STC: MARASCHINO CHERRIES (Ex. J), with Invoice No. 5246588981 dated January 17, 2013 for Ocean Freight and Related Charges totaling $1,042.00 (Exhibit K).

Amount Paid: $562.00                   Amount Due: $480.00

6. Bill of Lading No. 555986283, dated January 22, 2012, from Chicago to Ulanbaatar via Los Angeles and Xingang, on the Vessel CMA CGM VIVALDI, one (1) forty-foot container STC: 1 USED CAR, et al (Exhibit L), with Invoice No. 5247096997 dated June 5, 2013 for ocean freight and related charges totaling $5,484.00 (Ex. M).

Amount Paid: $4,287.00                 Amount Due: $1,197.00

7. Bill of Lading No. 561749986, dated December 12, 2013, from Oakland to Busan, on the Vessel SEA-LAND COMET, one (1) twenty foot container STC: 1 SHELLED ALMONDS (Exhibit N), with Invoice No. 5247806417 dated December 12, 2013 for Container Shifting Fee totaling $200.00 (Exhibit O).

Amount Paid: $25.00                    Amount Due: $175.00

8. Bill of Lading No. 558175183 dated September 22, 2012, from Chicago to Ulaanbaator via Los Angeles and Xingang on the Vessel PACIFIC LINK, one (1) forty-foot container STC: PERSONAL GOODS (Exhibit P), with Invoice No. 5246235565 dated October 9, 2012 for Ocean Freight and Related Charges totaling $8,300.00 (Exhibit Q).

Amount Paid: $2,647.72                 Amount Due: $5,652.28

III. <u>Total Amount Due: $25,399.22</u>